**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: March 4, 2025

S25Y0420, S25Y0532.  IN THE MATTER OF JAMES HOWARD SINNOTT.

PER CURIAM.

These disciplinary matters concern James Sinnott (State Bar No. 649120), who was convicted in the United States District Court for the Northern District of Georgia of one count of conspiracy to defraud the United States; one count of conspiracy to commit wire fraud; fifteen counts of aiding and assisting the filing of false tax returns; and five counts of subscribing to false tax returns. Case S25Y0532 is before the Court on the report and recommendation of Special Master Christopher S. Brasher, who was appointed pursuant to Bar Rule 4-106 (a)[1] to recommend the appropriate

---

[1] Bar Rule 106 (a) provides that:

discipline for Sinnott's apparent violation of Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).[2] Following an evidentiary hearing, the Special Master issued his report and recommendation, in which he noted that Sinnott's direct appeal of his convictions remains pending and recommending that Sinnott, who has been a member of the Bar since 1999, be suspended from the practice of law until his direct appeal is resolved. Neither Sinnott nor the State Bar has filed exceptions to the Special Master's report and recommendation.

Having reviewed the record, we agree with the Special Master's recommended discipline. See *In the Matter of Robertson*, 319 Ga. 531 (904 SE2d 502) (2024) (imposing voluntary suspension

---

Upon receipt of information or evidence that a conviction for any felony or misdemeanor involving moral turpitude has been entered against a lawyer, the Clerk of the State Disciplinary Boards shall immediately assign the matter a State Disciplinary Board docket number. The Office of the General Counsel shall petition the Supreme Court of Georgia for the appointment of a Special Master to conduct a show cause hearing.

[2] Rule 8.4 (a) (2) provides that it shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to be convicted of a felony. The maximum penalty for a violation of Rule 8.4 (a) (2) is disbarment.

of license pending outcome of appeal of criminal conviction). See also *In the Matter of Otuonye*, 302 Ga. 374 (806 SE2d 524) (2017) (same). We also dismiss as moot Case S25Y0420, in which Sinnott filed directly in this Court a petition for voluntary discipline seeking the same discipline recommended by the Special Master. Accordingly, it is hereby ordered that James Sinnott be suspended from the practice of law in this State pending the outcome of his direct appeal and until further order of this Court. Sinnott is ordered to notify the State Bar's Office of General Counsel in writing within ten days of the final disposition of his direct appeal, and he is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Interim suspension in Case No. S25Y0532; Case No. S25Y0420 dismissed as moot. All the Justices concur.*